NELSON J. DUGAS, Respondent, v. LOUIS DI DONNA, Appellant. — Plaintiff contracted with defendant, who owned twelve acres of land partly in and partly adjacent to the city of Amsterdam, that he should plant crops thereon and have the use thereof for the season of 1933. The work was to be performed by the plaintiff, but the defendant was to furnish a horse and certain farm machinery, tools, and necessary seed and fertilizer. The defendant violated the terms of the contract by taking away the horse during the time that it was useful. Plaintiff continued on with the contract. He brought this action alleging as the gravamen, " plaintiff was unable to hire a horse to cultivate said crop and harvest the same and take the same to market and that, by reason thereof, plaintiff lost nearly one-half of the crops on said premises and that the value thereof amounted to the sum of $225." The action was brought in the City Court of Amsterdam, and the court in charging the jury stated the following as the rule of damages, " if he has performed his part of the contract and the defendant has failed, then you may bring a verdict for the plaintiff in such an amount as you find there is proof." The jury returned a verdict for $157. Thereafter the city judge set the verdict aside, stating in reference thereto, " There was no foundation for the jury's verdict and it is my duty to set the verdict aside and order a new trial." Thereafter an appeal was taken to the County Court of Montgomery county from the order of the City Court setting aside the verdict of the jury and ordering a new trial. The County Court reversed the order setting aside the verdict and directed that the judgment founded upon the verdict of the City Court be reinstated. The measure of damage in this action by a crop sharer under the authority of *Taylor* v. *Bradley* (39 N. Y. 129, 145) is that the plaintiff may recover the difference between the value of the " privilege, lease or right of occupation " with the horse and the value thereof without the horse (p. 145 of the above authority). Judgment and order of the County Court reversed, on the law and facts, and new trial directed in the City Court of Amsterdam, on the 7th day of December, 1936, with costs to the appellant to abide the event. Hill, P. J.,

Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with a memorandum in which McNamee, J., concurs. Heffernan, J. (dissenting): In this case the proof conclusively shows that defendant breached his contract and that as a result thereof plaintiff sustained some damage. There is some uncertainty as to the amount. There is competent proof, however, in the record showing that plaintiff was damaged in excess of the amount for which the jury returned a verdict. The case of *Taylor* v. *Bradley* (39 N. Y. 129), upon which the majority relies, is not in point. That case involved an agreement to let a farm by defendant to plaintiff for three years, plaintiff to work the same and the proceeds to be divided. Prior to the time when plaintiff was to occupy the farm the defendant sold it so that plaintiff never had the use thereof. The court stated that, " if the contract had not been broken, it could not be said that plaintiff would have realized any return for his services; that whether a return for his labor could be realized depended upon details more or less contingent and speculative; and that the plaintiff was entitled to the value of his contract and his damages were what he lost by being deprived of his chance to profit." In its opinion the court stated: " His damages are what he lost by being deprived of his chance to profit." In that case because of the fact the plaintiff never occupied the farm, the amount of such profit, or whether the plaintiff would profit at all, was so uncertain and contingent upon so many details that proof of such profit could not be given and plaintiff could only secure the value of his contract. In the present case the profit was on the premises, the crops had been raised and it was through the breach of the contract by the defendant that the plaintiff was deprived of his chance to profit. Here the plaintiff had performed, crops had been raised and plaintiff was ready to market the same. If defendant had breached the contract by taking possession of the property after the crops were ready to be marketed clearly the plaintiff would be entitled to the value of one-half of those crops. The defendant has created the same situation by taking plaintiff's means of marketing crops. Plaintiff's inability to realize profit from his labor in marketing the crops which were actually raised is the direct result of defendant's breach of contract. The profits of the plaintiff from his contract with defendant were actually at hand. He was in a position to realize those profits but for the breach of the contract by the defendant. There was no uncertainty that gain would not be derived from the contract as the crops were actually in existence. The order of the County Court setting aside the order of the City Court and reinstating the jury's verdict should be affirmed, with costs.